440

652 A.2d 1300

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bernard J. SCUILLI, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 22, 1994.

Decided Jan. 23, 1995.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Edward Marcus Clark, Maria V. Copetas, Michael W. Streily, Asst. Dist. Attys., for appellant.

Robert Paul Vincler, Laura Dunhoff Vincler, Knoll & Associates, Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

*ORDER*

PER CURIAM.

For the reasons stated in the opinion filed today in *Commonwealth v. Stipetich*, 539 Pa. 428, 652 A.2d 1294 (1993), the non-prosecution agreement between the appellee, Bernard J. Scuilli, and a municipal police officer is not binding upon the District Attorney of Allegheny County. Accordingly, the order of the Superior Court affirming the trial court's dismissal of charges against appellee is reversed, 423 Pa.Super. 453, 621 A.2d 620, and the case is remanded to the trial court for further proceedings.

PAPADAKOS, J., concurs in the result.

CAPPY, J., files a dissenting opinion which is joined by ZAPPALA, J.

MONTEMURO, J., is sitting by designation.

CAPPY, Justice, dissenting.

I respectfully dissent from the entry of the Per Curiam Order filed by the Majority in this case for the reasons stated in my dissenting opinion in *Commonwealth v. Stipetich*, 539 Pa. 428, 652 A.2d 1294 (1993). Upon review of the record in this case I cannot agree that the trial court abused its discretion in granting the motion to dismiss the prosecution.

As in the *Stipetich* case, the trial court heard testimony regarding the "agreement not to prosecute" and found on the facts of this case, where it appeared that the allegations of child sexual abuse were related to the defendant's pending divorce from the child's mother, that sufficient grounds existed to grant the motion to dismiss. It appears from the record in this case that the dismissal was closely related to the facts at issue. The charges were initially made during the early stages of the divorce and then refiled two years later, when the family division agreed to allow the defendant unsupervised visitation with the child.

Given the careful consideration of the testimony of the parties by the trial court, I am loathe to find that the trial court abused its discretion.

ZAPPALA, J., joins in this dissenting opinion.